FILED

2009 Nov-06  PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DIRECTIONAL PUBLISHING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:09-cv-0404-SLB |
| | ) | |
| TAMSAN DESIGN, INC.; STEVEN | ) | |
| DAVID; TAMARA DAVID, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This case is before the court on Motion to Dismiss Defendants Steven David and Tamara David.  (Doc. 13.)[1]  Upon consideration of the record, the submissions of parties, the argument of counsel, and the relevant law, the court is of the opinion that defendants' Motions to Dismiss, (doc. 13), is due to be denied.

## I. MOTION TO DISMISS STANDARD

"The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant."  *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002)(citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).  "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict."  *Id*. at 1269 (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).   Sufficient evidence to defeat a directed verdict is "substantial

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

evidence opposed to the motion such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1230 (11th Cir. 2001)(quoting *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989)).

In this case, defendants have submitted affidavits in support of their motions; therefore, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless [defendants] affidavits contain only conclusory assertions that [they are] not subject to jurisdiction." *Meier ex rel. Meier*, 288 F.3d at 1269 (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999)). All reasonable inferences are draw in favor of plaintiff and its evidence is to be believed. *Id*. (citing *Madara*, 916 F.2d at 1514).

"When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure directs us to look to the state long-arm statute in order to determine the existence of personal jurisdiction." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-27 (11th Cir. 1996)(citing *Cable/Home Communication v. Network Prod's*, 902 F.2d 829, 855 (11th Cir. 1990)). Plaintiff claims defendant infringed on its copyrights in certain art works, in violation of "the copyright act of 1976, 17 U.S.C. § 101 et seq.," (doc. 1 ¶ 1), which does not contain a service-of-process provision, *see Cable/Home Communication*, 902 F.2d at 856. Therefore, the Alabama long-arm statute applies "to determine the amenability of nonresident defendants-appellants to jurisdiction in [Alabama]." *See id*. (citations omitted).

## II. STATEMENT OF FACTS

Plaintiff's Complaint contains the following facts:

### PARTIES

3. Plaintiff is an Alabama corporation with its principle place of business located at 2822 Commerce Square East, Birmingham, Alabama 35210.

4. Plaintiff is informed and believes, and on that basis alleges, that TamSan is a North Carolina corporation, with its principal place of business located at 18619 Starcreek Drive, Cornelius, North Carolina 28031. Plaintiff is informed and believes, and on that basis alleges, that TamSan regularly carries on business in the state of Alabama.

5. The Davids, husband and wife, are the owners and principles of TamSan, with their principle place of business at 18619 Starcreek Drive, Cornelius, North Carolina 28031.

### BACKGROUND AND FACTS

6. Plaintiff is, and was at all times relevant to the matters alleged in this complaint, engaged in the business of creating, producing, publishing, distributing and marketing artworks.

7. Plaintiff is the copyright owner of original works of art *inter alia*, in the original works of art known as Sea Study I, Sea Study II, Recline Time I and Recline II ("the Directional Works"). . . .

8. The Directional Works contain wholly original works that are copyrightable subject matter under the laws of the United States.

9. Plaintiff filed a copyright application for the Directional Works. The Registrar of Copyrights, issued registration for said works. . . .

10. Plaintiff is currently and at all relevant times has been the sole proprietor of all rights, title and interest in and into the copyrights of the Directional Works.

3

11.  Plaintiff has produced the Directional Works in strict conformity of the provisions of the Copyright Act of 1976, and all laws governing copyrights.

12.  Plaintiff is informed and believes, and on that basis alleges, that the Defendants have knowingly and willfully copied and distributed the Directional Works in their entirety and on that basis alleges that the Defendants copied the works for the specific purpose of infringing Plaintiff's copyrights and selling illegal and unauthorized copies of the Directional Works.

13.  Plaintiff is informed and believes, and on that basis alleges, that the Davids directly committed the infringements and/or instructed others to commit the infringements.  That they had the power to supervise the infringing activities and had a direct financial interest and the profits earned there from. The Davids are the moving forces behind the infringement.  That they have daily control of the operations of the TamSan, and as its principle figures, represent TamSan's ultimate authority.

14.  The natural and probable foreseeable result of Defendants' wrongful conduct has been or continues to deprive the Plaintiff of the benefits of selling the Directional Works, and deprives the true good will and injures Plaintiff's relationships with present and prospective customers.

15.  Plaintiff is informed and believes, and on that basis alleges, that it has lost and will continue to lose substantial revenues on the sale of the Directional Works, and other products and has also sustained damages as a result of Defendants' wrongful conduct.

16.  Defendants' production and sale of these infringing products, and wrongful conduct has also deprived and continues to deprive the Plaintiff an opportunity of expanding its good will.

17.  Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants will continue their course of conduct and wrongfully use, infringe upon, sell and otherwise profit from Plaintiff's Directional Works and deprive it of its rights.

(Doc. 1 ¶¶ 3-17.)

4

Tamara David testified that she is a corporate officer and employee of TamSan Design, (Doc. 13, Ex. A.)  She also testified, "In my capacity in selecting artwork to be put on plates and barstools, I review various different designs sent to TamSan Designs, Inc. by various different parties, including Directional Publishing, Inc.  My review of these artworks is done in my capacity as an employee of TamSan." (*Id.*)  Steven David testified that he is a shareholder in TamSan Design.  (*Id.*, Ex. B.)  He said, "I had nothing personally to do with selection of the hand-painted decorative accessories . . . .  I have no no personal dealings with Directional Publishing.  I have nothing personally to do with any copying and/or distributing any documents licensed to Directional Publishing."  (*Id.*)

## III.  DISCUSSION

### A.  FAILURE TO RESPOND TO REQUESTS FOR ADMISSION

On June 8, 2009, plaintiff served its First Request for Admissions on defendants. (Doc. 17, Ex. B.)  Included in the Request were the following statements:

1.  Admit that Defendants have contacts in Alabama.

2.  Admit that Defendants market products to customers located in Alabama.

3.  Admit that Defendants have made sales to customers located in Alabama.

4.  Admit that TamSan Design, Inc. is subject to personal jurisdiction in Alabama.

5.  Admit that Steven David is subject to personal jurisdiction in Alabama.

5

6.  Admit that Tamara David is subject to personal jurisdiction in Alabama.

7.  Admit that Directional Publishing Inc. owns valid copyrights for the Directional Works.

8.  Admit that you currently do not, nor have you ever had a license to use the Directional Works.

9.  Admit that you did not create the Directional Works.

10.  Admit that you purposefully reproduced the Directional Works knowing that you did not have permission from Plaintiff.

11.  Admit that you purposefully prepared a derivative work using the Directional Works knowing that you did not have permission from Plaintiff.

12.  Admit that you purposefully distributed the Directional Works through public sale knowing that you did not have permission from Plaintiff.

13.  Admit that you purposefully displayed the Directional Works knowing that you did not have permission from Plaintiff.

14.  Admit that you violated Plaintiff's copyrights in the Directional Works.

15.  Admit that Defendants owe $3,000,000.00 in damages to Plaintiff.

(*Id*.)  Defendants did not respond to plaintiff's Request.  (*See id*., Ex. E.)

Rule 36(a)(3) provides, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).  "A matter admitted under this rule is conclusively established unless the

court, on motion, permits the admission to be withdrawn or amended."[2]  Fed. R. Civ. P 36(b).

---

[2]Rule 36(b) states, "Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  The Eleventh Circuit has provided the following guidance in deciding motions to withdraw admission:

> Once the matter is admitted, Rule 36(b) provides that it is "conclusively established unless the court on motion permits withdrawal or amendment of the admission."  Fed. R. Civ. P. 36(b).  A court "may permit withdrawal or amendment [of an admission] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."  *Id*.  Based on this language, we have held that district courts should apply a "two-part test" in deciding whether to grant or deny a motion to withdraw or amend admissions.  *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988).  First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case.  *Id*.; *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995); *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994).

> . . .

> [W]e read Rule 36(b) as granting a district court discretion but then specifying exactly how that discretion is to be exercised.  *See, e.g., In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir. 2000)("The court's focus must be on the effect upon the litigation and prejudice to the resisting party rather than . . . on the moving party's excuses for an erroneous admission.")(citing 10A Federal Procedure L. Ed. § 26.500 (1988)(internal mark omitted)); *Asea, Inc., v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981)("In a proper case . . . such as when an admission has been made inadvertently, Rule 36(b) might well require the district court to permit withdrawal."); *Mid Valley Bank v. North Valley Bank*, 764 F. Supp. 1377, 1391 (E.D. Cal. 1991)("[A]lthough the motion [to withdraw admissions] is, as the parties acknowledge, directed to the sound discretion of the court, the discretion should not be exercised in terms of the defaulting party's excuses, but in terms of the effect upon the litigation and prejudice to the resisting party.")(internal

Because defendants did not respond to plaintiff's Request of Admissions within 30 days, the Requests, including the request to admit that the court has personal jurisdiction over the Davids, are deemed admitted by operation of the Rules.

Defendants' Motion to Dismiss is due to be denied.

## II. THE MERITS OF DEFENDANTS' MOTION

Assuming that defendants will seek to withdraw their admissions, the court turns now the merits of their Motion to Dismiss.

Defendants contend that they are due to be dismissed because this court lacks personal jurisdiction. Specifically, they contend:

    4. It is evident that Tamara David and Steven David do not have sufficient minimum contacts with the state of Alabama for this court to confer

---

citations omitted). Rule 36(b)'s two-part test is much more than merely hortatory; it "emphasizes the ***importance of having the action resolved on the merits***, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." *Smith*, 837 F.2d at 1577-78 (quoting Fed. R. Civ. P. 36 advisory committee's note) (emphasis added).

    While we stop short of holding that movants have "an absolute right . . . to have [their] admissions withdrawn," *Asea*, 669 F.2d at 1248, we nonetheless believe that, to best fulfill the purposes of Rule 36, a district court must abide by the two-part test of Rule 36(b). We hold, therefore, that a district court abuses its discretion under Rule 36(b) in denying a motion to withdraw or amend admissions when it applies some other criterion beyond the two-part test – or grossly misapplies the two-part test – in making its ruling. *See Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1313 (8th Cir. 1983) ("Regardless of the intentions of the district court to sanction [the party], we find the district erred in not considering the factors set out in [R]ule 36(b).").

*Perez v. Miami-Dade County*, 297 F.3d 1255, 1264-65 (11th Cir. 2002)(footnotes omitted).

personal jurisdiction over them.  Any acts which may have involved the Plaintiff in the state of Alabama were done on a corporate level and in the individuals' capacities as employees of TamSan Design, Inc.  A court cannot exercise personal jurisdiction over a defendant solely on the basis of the employer's contacts with the forum state.  *Calder v. Jones*, 465 U.S. 783, 790 (1984).  In fact, personal jurisdiction over an individual corporate officer or employee "may not be predicated upon jurisdiction over the corporation itself." *Thames v. Gunter-Dunn, Inc.*, 373 So. 2d 640, 641 (Ala. 1979).

5.  The claims presented by Plaintiff are applicable to the corporate defendant only.  This court does not have personal jurisdiction over the individual defendants, and therefore Tamara David and Steven David are due to be dismissed.

(Doc. 13 ¶¶ 4-5.)  The court disagrees.

Generally, in cases alleging intentional conduct, "the applicable test [for the application of specific personal jurisdiction] is the 'effects' test utilized in *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)."  *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1221 n.28 (11th Cir. 2009).  "Stated in its broadest construction, the effects test requires a showing that the defendant (1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated."  *Id.* (citing *Calder*, 465 U.S. 789-90; *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 261 (3d Cir. 1998); *New Lenox Industries v. Fenton*, 510 F. Supp. 2d 893, 904 (M.D. Fla. 2007)).  In Alabama, an individual's conduct directed at the forum is sufficient to provide personal jurisdiction, even if the individual is acting on behalf of a corporation.

"A corporate agent who personally participates, albeit in his or her capacity as such agent, in a tort is personally liable for the tort."  *Sieber v.*

9

*Campbell*, 810 So.2d 641, 645 (Ala. 2001).  *See also Bethel v. Thorn*, 757 So.2d 1154, 1158 (Ala. 1999), and *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC*, 496 So.2d 774, 775 (Ala. 1986).  Likewise, corporate agent status does not insulate the agent personally from his or her jurisdictional contacts with a state or from personal jurisdiction in the state.  *Calder v. Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984); *Sieber*, *supra*; *Sudduth v. Howard*, 646 So.2d 664, 668 (Ala. 1994); and *Duke* [*v. Young*], 496 So.2d [37,] 40 [(Ala. 1986)].

*Ex parte McInnis*, 820 So. 2d 795, 798-99 (Ala. 2001).

Plaintiff alleges (1) "Defendants have knowingly and willfully copied and distributed the Directional Works in their entirety . . . for the specific purpose of infringing Plaintiff's copyrights and selling illegal and unauthorized copies of the Directional Works;" and "the Davids directly committed the infringements and/or instructed others to commit the infringements," and "they had the power to supervise the infringing activities and had a direct financial interest and the profits earned there from."  (Doc. 1 ¶¶ 12, 13.)  Tamara David testified that she selected the artwork that appeared on TamSan Design products.  (Doc. 13, Ex. A.)  Steven David testified that he "had nothing personally to do with the selection of the hand-painted decorative accessories" and that he had "no personal business dealing with Directional Publishing."  (*Id.*, Ex. B.)  Ms. David is an officer and employee of TamSan Design; Mr. David described himself as a shareholder.  (*Id.*, Exs. A and B.)

Basically, there are three types of liability for copyright infringements:  (1) direct liability, (2) contributory liability, and (3) vicarious liability.  *BUC Intern. Corp. v. International Yacht Council Ltd.*, 489 F.3d 1129, 1138 and n.19 (11th Cir. 2007).  "Direct copyright infringement arises upon violation of the exclusive rights of a copyright holder

10

under 17 U.S.C. § 501." *Id.* n.19.  "One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,  545 U.S. 913, 930 (2005)(citing *Gershwin Pub. Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971); *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963))(internal citations omitted).  Both direct and contributory liability require proof of intentional conduct.  The record contains sufficient evidence at this early stage of the proceedings to find that Ms. David engaged in intentional conduct directed at the forum with regard to the alleged copyright infringement of plaintiff's protected works.  For purposes of deciding this Motion, the court finds that Ms. David received the copyrighted works and that she decided to use the works without permission of plaintiff.  This conduct is sufficient to support the exercise of personal jurisdiction over Ms. David.

However, Mr. David appears to have been a passive participant in TamSan Design's business; therefore, he is liable, if at all, only for vicarious infringement.  This passive, vicarious liability will not support a finding of specific personal jurisdiction.  *See Licciardello v. Lovelady*, 544 F.3d 1280, 1286 (11th Cir. 2008)("Mere negligent use of an infringing mark would not satisfy the *Calder* test.  Under the effects test, acts expressly aimed by the defendant at an individual in the forum may result in personal jurisdiction over

11

the defendant, but mere untargeted action or a fortuitous result will not." (citing *Calder*, 465 U.S. at 788-90)).

Assuming defendants can show cause for allowing them to withdraw their admissions of personal jurisdiction, Mr. David's Motion to Dismiss would be due to be granted and Ms. David's Motion to Dismiss would be due to be denied.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that the Davids have admitted that this court has personal jurisdiction over them.  An Order denying the Motion to Dismiss Defendants Steven David and Tamara David, (doc. 13), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 6th day of November, 2009.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE